UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Consumer Financial Protection Bureau,<br><br>Petitioner,<br><br>v.<br><br>Educational Credit Management Corporation (ECMC),<br><br>Respondent. | Case No. 21-mc-00019 (SRN/DTS)<br><br><br>**Order** |

Jade Burns and Max Peltz, Consumer Financial Protection Bureau, 301 Howard Street, San Franscisco, CA 94105, for Petitioner.

Allyson B. Baker, Erin Z. Cass, and Sameer P. Sheikh, Paul Hastings LLP, 2050 M Street NW, Washington, D.C. 20036; and Aaron M. Scott, Fox Rothschild LLP, 222 South Ninth Street, Suite 2000, Minneapolis, MN 55402, for Respondent.

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on the Objections [Doc. No. 36] of Respondent Educational Credit Management Corporation ("ECMC") to the October 28, 2021 Order on the Petition to Enforce Civil Investigative Demands (the "Order") [Doc. No. 31]. In the Order, Magistrate Judge David T. Schultz granted in part and denied in part the Petition. (Order at 9–10.) Based on a review of the record, and for the reasons below, the Court overrules ECMC's objections and adopts the Order.

1

## I. BACKGROUND

### A. Factual Background

ECMC is a nonprofit student loan guaranty agency. (Pet. [Doc. No. 1] at 4; Resp't Opp'n [Doc. No. 10] at 4; Order at 1.) As a guaranty agency, ECMC collects defaulted federal student loans. (Pet. at 4–5; Resp't Opp'n at 5; Order at 1.) Eight states use ECMC as their guaranty agency; it also operates as a third-party guarantor processor for other guaranty agencies. (Pet. at 4; Resp't Opp'n at 4.)

Petitioner Consumer Financial Protection Bureau ("CFPB") is investigating when guaranty agencies, including ECMC, impose collection costs on defaulted student borrowers. (Pet. at 3; Order at 1–2.) In particular, the CFPB is trying "to determine whether guaranty agencies, servicers, and debt collectors have employed practices to forestall" default rehabilitation, leading to collection costs that can exceed 20 percent of the outstanding loan balance. (Pet. at 3–4.)

During its investigation, the CFPB issued civil investigative demands ("CIDs") to ECMC, requesting the production of documents and answers to interrogatories. (Pet. at 5; Order at 2; *see generally* Declaration of Maxwell Peltz [Doc. No. 2] ("Peltz Decl.") Exs. A, B.) As relevant here, the CIDs sought "email and meeting requests—including sent, received, cc, or bcc—and any attachments" relating to ECMC's policies and procedures for collecting Pre-65[1] Accounts. (Peltz Decl. Exs. A at 7, B at 5.) ECMC had until October

---

[1] Pre-65 refers to the grace period given to defaulted borrowers to receive the default notice by mail. (Pet. at 3.)

9, 2020 to answer the first CID and until October 30, 2020 to respond to the second CID. (Peltz Decl. Exs. A at 3, B at 1.)

Prior to the deadlines, the parties met and conferred to discuss the CIDs. (Pet. at 5; Order at 2; *see* Resp't Opp'n at 7.) As a result, the CFPB extended the deadlines by two weeks, resulting in deadlines of October 23 and November 13, 2020. (Pet. at 5–6; Peltz Decl. ¶¶ 6–7.) On October 16, ECMC produced its first of several productions to the CFPB. (Resp't Opp'n at 7; *see* Order at 2.)

Several months later, on February 12, 2021, the CFPB and ECMC discussed making a complete production of ECMC's responsive e-mails.[2] (Pet. at 6; Peltz Decl. ¶ 8; *see* Order at 2.) Following that call, ECMC produced documents on February 19 and 23, 2021. (Resp't Opp'n at 8; *see* Pet. at 6; Order at 2.) ECMC did not submit the certificate of compliance, as required by the CIDs. (Order at 2.)

At some time thereafter, the CFPB compared ECMC's e-mail productions with ECMC e-mails that it received from third parties. (*See* Pet. at 7–8.) At that time, the CFPB identified at least 70 responsive e-mails produced by third parties that ECMC had failed to produce. (*Id.*)

---

[2]   ECMC contends that it "did not represent that this would be ECMC's final production of documents in response to the CIDs." (Resp't Opp'n at 8.)

B.   **Procedural Background**

1.   **The Petition**

The CFPB filed the Petition on March 4, 2021, alleging that ECMC failed to comply with the CIDs. (Pet. at 7–10.) The Court issued an Order to Show Cause [Doc. No. 5] for why the Petition should not be granted. ECMC submitted its answer to which the CFPB responded [Doc. Nos. 10, 18].

2.   **The Order**

The Order granted the portion of the Petition seeking to enforce the CIDs.[3] (Order at 9.) The Magistrate Judge found that the CIDs were reasonable, issued under lawful authority, and relevant to a lawful purpose. (*Id.* at 5.) The Court rejected ECMC's arguments that the CFPB was required to meet and confer with ECMC prior to filing the Petition and that the CFPB violated its own rules by publicly disclosing its investigation. (*Id.* at 6–8.) The Court also found that ECMC failed to establish that the enforcement of the CIDs "would be an abuse the Court's process," and therefore granted the Petition to enforce them. (*Id.* at 5–9.)

On November 11, 2021, ECMC objected to the Order, requesting that this Court set it aside.[4] (*see generally* Resp't Objs.) The CFPB responded a few weeks later [Doc. No. 39].

---

[3]   The Order denied the CFPB's motion for costs. (Order at 10.)

[4]   ECMC also moved to exclude exhibits attached to CFPB's reply memorandum, or, in the alternative, requested leave to file supplemental exhibits [Doc. No. 21]. The Magistrate Judge denied that motion as moot. (Order at 10.) ECMC does not mention this

4

## II. DISCUSSION

### A. Legal Standard for Reviewing Civil Investigative Demands

Congress established the CFPB to ensure that "consumer debt products are safe and transparent." *Seila L. LLC v. Consumer Fin. Prot. Bureau*, 140 S. Ct. 2183, 2191 (2020). The CFPB is required to implement and enforce financial consumer protection laws and is vested "with potent enforcement powers." *Id.* at 2193. Those powers include "the authority to conduct investigations, issue subpoenas and civil investigative demands, initiate administrative adjudications, and prosecute civil actions in federal court." *Id.* (citing 12 U.S.C. §§ 5562, 5564).

The CFPB may issue CIDs to any person whom the CFPB has reason to believe may have documents, tangible things, or information relevant to a violation. *Id.* § 5562(c)(1). Each CID must "state the nature of the conduct constituting the alleged violation which is under investigation and the provision of law applicable to such violation." *Id.* § 5562(c)(2).

In proceedings, a court will enforce a "[CID] if (1) issued pursuant to lawful authority, (2) for a lawful purpose, (3) requesting information relevant to the lawful purpose, and (4) the information sought is not unreasonable." *United States v. Whispering Oaks Residential Care Facility, LLC*, 673 F.3d 813, 817 (8th Cir. 2012) (internal quotation marks and citation omitted) (applying standard to subpoenas duces tecum issued as part of

---

ruling in its objections, (*see generally* Resp't Objs), and thus the Court does not consider it.

a health care fraud investigation). When an agency has satisfied these requirements, "the burden shifts to the respondent to show that judicial enforcement would amount to an abuse of the court's process." *Id.* (internal quotation marks and citation omitted). A CID abuses the court's process when it is "issued for an improper purpose, such as to harass the [respondent] or to put pressure on him to settle a collateral dispute, or for any other purpose reflecting on the good faith of the particular investigation." *Id.* at 189. If a recipient does not comply with the CID, the CFPB may file a petition in federal court to enforce it. 12 U.S.C. § 5562(e)(1). And district courts have jurisdiction over these petitions. *Id.* § 5562(h)(1).

### B.  Legal Standard for Reviewing the Magistrate Judge's Order

When there is no underlying civil action pending and a federal agency files a petition for an order to show cause why a CID should not be enforced, the court's ruling will resolve the entire action and, therefore, it is a dispositive matter.[5] *See E.E.O.C. v. Schwan's Home Serv.*, 707 F. Supp. 2d 980, 987–89 (D. Minn. 2010), *aff'd*, 644 F.3d 742 (8th Cir. 2011) (concluding that "an application to enforce an administrative subpoena *duces tecum* . . . is generally a dispositive matter"). The district court reviews *de novo* those portions of a dispositive order to which a specific objection is made and may accept, reject, or modify

---

[5] The Court concludes that this Petition is a dispositive matter and, therefore, construes the Magistrate Judge's order as a report and recommendation and reviews *de novo* those portions of the order to which ECMC objects. 28 U.S.C. § 636(b)(1); D. Minn. LR 72.2(b)(3); *see Schwan's Home Serv.*, 707 F. Supp. 2d at 990 (concluding that an "application for an order to show cause why a subpoena should not be enforced is a dispositive matter").

the findings of the magistrate judge. *See* 28 U.S.C. § 636(b)(1); *United States v. Miller*, 609 F.2d 336, 340 (8th Cir. 1979) (affirming district court's *de novo* review of magistrate's order enforcing IRS summons); *accord* D. Minn. L.R. 72.2(b)(3). "Objections which are not specific but merely repeat arguments presented to and considered by a magistrate judge are not entitled to *de novo* review, but rather are reviewed for clear error." *Montgomery v. Compass Airlines, LLC*, 98 F. Supp. 3d 1012, 1017 (D. Minn. 2015). And the district court will not consider arguments that "were not clearly presented to the magistrate judge." *Hammann v. 1-800 Ideas.com, Inc.*, 455 F. Supp. 2d 942, 947–48 (D. Minn. 2006) (citing *Madol v. Dan Nelson Auto. Group*, 372 F.3d 997, 1000 (8th Cir. 2004)).

### C.     Analysis

ECMC raises four objections to the Order. First, ECMC asserts that the Magistrate Judge improperly analyzed whether the CIDs were lawfully issued because he failed to analyze whether the *filing* of the Petition was an abuse of the court's process. (Resp't Objs. at 3.) Second, ECMC contends that the Magistrate Judge erred in concluding that the CFPB did not violate its confidentiality rules under 12 C.F.R. § 1080.14 by publicly filing the Petition. (*Id.* at 2.) Third, ECMC argues that the Magistrate Judge improperly conducted in camera review of the third-party e-mails.[6] (*Id.*) Lastly, ECMC argues that the Order fails to provide sufficient clarity and time to respond to the CFPB's demands. (*Id.* at 3.) The Court addresses these objections in turn.

---

[6] This argument was never before the Magistrate Judge and, therefore, is improperly raised to this Court. *See Hammann*, 455 F. Supp. 2d at 947–48 ("A party cannot, in his objections to an R & R, raise arguments that were not clearly presented to the magistrate judge."). Accordingly, the Court will not address this argument.

1. **Whether the CIDs were lawfully issued**

ECMC contends that the Magistrate Judge erred when determining that the CIDs were lawfully issued, making two arguments. First, ECMC does "not concede" that the Magistrate Judge reached the right conclusion. Second, and with more specificity, ECMC asserts that the Magistrate Judge erred by not considering the threshold question of whether the filing of the Petition was an abuse of the court's process. The Court applies a different standard of review to each of the objections.

  a. **The Magistrate Judge did not commit clear error in concluding that the CIDs were lawfully issued**

In passing, ECMC asserts that it "does not concede that the CIDs were lawfully issued." (Resp't Objs. 3 n.2.) Because ECMC fails to raise specific objections, the Court reviews the Order for clear error. *See Montgomery*, 98 F. Supp. 3d at 1017 ("Objections which are not specific . . . are reviewed for clear error.").

The Magistrate Judge concluded that the CFPB had lawful authority to issue the CIDs under 12 U.S.C. § 5562(c)(1). (Order at 5.) In reaching that conclusion, the Magistrate Judge found that the CFPB was conducting a lawful investigation into enforcement of consumer financial protection laws, and that the CIDs sought information relating to collection costs, which is relevant to that investigation. (*Id.*) The Magistrate Judge further found that the information sought was reasonable because it had to do with ECMC's business operations as a guaranty agency. (*Id.*). Lastly, the Magistrate Judge conducted an in camera review and concluded that the CFPB had reason to believe that ECMC had not fully complied with the CIDs. (*Id.*) The Court finds no clear error in this

analysis. *See* 12 U.S.C. § 5562(c)(1) ("[T]he Bureau may . . . issue . . . a civil investigative demand."); *Whispering Oaks*, 673 F.3d at 817 ("The respondent bears a heavy burden to disprove the existence of a valid purpose for an administrative subpoena."); *see also Kerr v. U. S. Dist. Ct. for N. Dist. of California*, 426 U.S. 394, 405–06 (1976) ("[T]his Court has long held the view that in camera review is a highly appropriate and useful means . . . .").

### b. The filing of the Petition was not an abuse of the court's process

ECMC also objects to the Order, claiming that it fails to consider whether the filing of the Petition was an abuse of the court's process. (Resp't Objs. at 3, 11–12.) ECMC contends that it was an abuse of the court's process because (1) the filing of the Petition was not "necessary" and (2) the facts undergirding the Petition were unsubstantiated. (*Id.*) Because ECMC has raised specific objections, the Court conducts a *de novo* review.[7]

The CFPB has discretionary authority to disclose confidential information during court proceedings. 12 C.F.R. § 1070.45(a)(4) ("The CFPB may disclose confidential information, in accordance with applicable law, as follows . . . [i]n an administrative or court proceeding to which the CFPB is a party."). Notably, the CFPB has authority to file a petition in federal district court when a party "fails to comply with any civil investigative demand." 12 U.S.C. § 5562(e)(1). Nothing prohibits the CFPB from disclosing the existence of the investigation when it files said petition. Accordingly, if ECMC failed to

---

[7] ECMC similarly contends that the CFPB violated its confidentiality rules by filing the Petition. (Resp't Objs. at 2, 7–10.) That argument is intertwined with the "necessary" argument, (*see id.* at 7–12), and, therefore, the Court addresses them together.

9

comply with the CIDs, then the CFPB had authority to file the Petition, rendering the Petition not an abuse of the court's process.

ECMC attempts to create an additional hurdle for when the CFPB may file a petition in federal court, asserting that the CFPB must make a "necessity" showing as provided in Section 1080.14. (Resp't Objs. at 11; *see* 12 C.F.R. § 1080.14(b) ("Bureau investigators may disclose the existence of an investigation to potential witnesses or third parties to the extent necessary to advance the investigation.")).

The Court is not persuaded that Section 1080.14 applies to disclosures made in a *court proceeding*, considering that Section 1080.14 applies to disclosures made to "potential witnesses or third parties," while Section 1070.45 explicitly applies to "court proceedings." Moreover, Section 1080.14 is permissive—not restrictive. For example, the regulation affirmatively allows for the CFPB to disclose the existence of an investigation for the purpose of advancing the investigation. 12 C.F.R. § 1080.14 ("Bureau investigators *may disclose* the existence of an investigation." (emphasis added)). And this permissive nature is seen throughout the regulation. *See* 12 C.F.R. §§ 1070.42 ("The CFPB *may, in its discretion*, and to the extent consistent with applicable law, *disclose* confidential supervisory information or confidential investigative information . . . ." (emphasis added)); 1070.45(a)(4) ("The CFPB *may disclose* confidential information, in accordance with applicable law, as follows . . . [i]n an administrative or court proceeding to which the CFPB is a party." (emphasis added)).

But even if ECMC is right that the CFPB was required to make a "necessity" showing, it did so when it established that ECMC had not fully complied with the CIDs.

*See* 12 U.S.C. § 5562(e)(1) ("Whenever any person fails to comply with any civil investigative demand . . . the Bureau . . . may file . . . a petition for an order of such court for the enforcement of this section."); 12 C.F.R. § 1080.10 ("In cases of failure to comply in whole or in part with Bureau civil investigative demands, appropriate action may be initiated by the Bureau, including actions for enforcement.").

Here, the undisputed facts establish that ECMC did not comply with the CIDs as of the filing of the Petition on March 4, 2021.  ECMC concedes that, at the time the Petition was filed, it had not submitted a certificate of compliance, as required by the CIDs, and it continued to make productions to the CFPB.  (*see* Resp't Objs. at 4–5; Order at 2.)  In fact, ECMC affirmatively asserts that it continued to make productions and never indicated "that any production was its final response."  (Resp't Objs. at 4.)  As such, at least three months after the deadlines passed, ECMC had not complied with the CIDs.  (*See* Peltz Decl. ¶ 7, Exs. A, B; Pet. at 5–6.)  Because ECMC had not fully complied with the CIDs, it was legally authorized and necessary for the CFPB to file the Petition.  And this is the same reason why ECMC's second argument—that the Petition was an abuse of the court's process because it relies on unsubstantiated facts—fails as well.  Put succinctly, ECMC agrees with the *material* facts, as outlined above, which means the CFPB had grounds to file the Petition.  Accordingly, the Petition here was not an abuse of the court's process because ECMC had failed to comply with the CIDs.

11

For those reasons, the Court overrules ECMC's objection that the filing of the Petition was an abuse of the court's process.[8]

## 2. Whether the Order is unduly burdensome and unfair

ECMC contends that the Order fails to give it adequate time and sufficient clarity for how to respond to the CFPB's demands. (Resp't Objs. at 12–13.) Not only was this argument never raised to the Magistrate Judge and is, therefore, improperly argued to this Court, *see Hammann*, 455 F. Supp. 2d at 947–48 (explaining that district courts will not consider arguments that "were not clearly presented to the magistrate judge"), it is the wrong procedural mechanism. The proper way for ECMC to remedy its concern is to request leave to file a motion for clarification[9] or file a motion for an extension of time. *See, e.g.*, *Cecena v. Allstate Ins. Co.*, No. C05-03178 JF (HRL), 2006 WL 3533023, at *1

---

[8] In its objections, ECMC argues that the Magistrate Judge improperly analyzed *John Doe Co. No. 1 v. CFPB*, 195 F. Supp. 3d 9 (D.D.C. 2016). (Resp't Objs. at 9–10.) Because the Court's *de novo* review does not rely on *John Doe*, the Court does not address ECMC's critique of the Magistrate Judge's analysis. However, the Court notes that *John Doe* makes clear that "the *subjects* of ongoing government investigations often have a legitimate interest *in ensuring* that the existence of otherwise confidential government investigations are not publicly disclosed." 195 F. Supp. 3d at 13 (emphasis added). Accordingly, it was ECMC's interest to keep this investigation confidential and the best way to do that was to comply with the CIDs by the deadline. If ECMC believed the CIDs were improper or unclear, then it should have filed "with the Bureau a petition for an order by the Bureau modifying or setting aside the demand," 12 U.S.C. § 5562(f)(1), which ECMC did not do here.

[9] To avoid additional motion practice at this time, the Court finds that no clarification is needed here because the Order properly required the parties to meet and confer regarding ECMC's deficiencies, set a timeline for ECMC to produce documents, and required ECMC to sign the certificate of compliance. ECMC fails to cite, and the Court did not find, any precedent finding that such requirements are unreasonable or require clarification.

(N.D. Cal. Dec. 7, 2006) (considering defendant's motion seeking clarification of magistrate's discovery orders). Notably, ECMC has filed a motion for a time extension [Doc. No. 41], which has been granted [Doc. No. 43], effectively rendering this argument moot.[10]

### III. CONCLUSION

Based on the submissions and the entire file and proceedings herein, **IT IS HEREBY ORDERED** that ECMC's objections [Doc. No. 36] are overruled and the Order is adopted.

Dated: January 11, 2022

s/ Susan Richard Nelson
SUSAN RICHARD NELSON
United States District Judge

---

[10] The Court notes that ECMC's argument that it does not know how to "fully comply" with the CIDs, (Resp't Objs. at 12), seemingly contradicts ECMC's contention that it was "continu[ing] to comply with the CIDs" at all times before and after the CFPB filed the Petition. (*Id.* at 1–2 ("Yet, despite ECMC's significant cooperation[] and compliance with the CIDs . . . ."), 4.) It is improper for a subject of an investigation to claim compliance while at the same time stretching deadlines out by more than one year, effectively avoiding disclosure and wasting government resources.